IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND D. WORMACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:09-cv-916 |
| ) | Judge Nora Barry Fischer |
| ) | |
| ERIC K. SHINSEKI, Secretary, ) | |
| Department of Veterans Affairs Agency, ) | |
| ) | |
| Defendant, ) | |
| ) | |

## MEMORANDUM OPINION

Presently before the Court is a motion to dismiss filed by Defendant Eric Shinseki, Secretary of the Department of Veterans Affairs. (Docket No. 40). Defendant seeks dismissal of *pro se* Plaintiff Raymond Wormack's discrimination and retaliation claims against him. (*Id.*). In a prior Memorandum Opinion, the Court addressed a similar motion brought by Defendant, dismissing several of Plaintiff's claims, but granted Plaintiff leave to amend his civil rights complaint. *See Wormack v. Shinseki*, Civ. No. 09-916, 2010 U.S. Dist. LEXIS 65699 (W.D. Pa. July 1, 2010); (Docket No. 37). Plaintiff filed his First Amended Complaint and this challenge followed. For the reasons set forth below, Defendant's Motion [40] is **GRANTED** and Plaintiff's First Amended Complaint (Docket No. 39) and Addendum (Docket No. 43) are dismissed, with prejudice.

### I. Procedural History

The procedural history of the instant matter is discussed in greater detail in the Court's prior Memorandum Opinion filed July 1, 2010 addressing Defendant's Motion to Dismiss

1

Plaintiff's original Complaint. (Docket No. 37). By the Court's Order filed simultaneously with said Memorandum Opinion, Plaintiff's allegations of violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et se q. ("Title VII"), the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA") were dismissed, without prejudice. (Docket No. 38). Plaintiff was ordered by the Court to file an amended complaint that cured the deficiencies in the pleading by August 2, 2010. (*Id.*).

Plaintiff filed his First Amended Complaint on July 30, 2010. (Docket No. 39). In response, Defendant filed the instant motion to dismiss on August 16, 2010. (Docket No. 40). Plaintiff did not file a timely response[1] and, on September 13, 2010, the Court issued a rule upon Plaintiff to show good cause why this failure should not result in the case's dismissal. (Docket No. 42). Subsequently, Plaintiff filed an Addendum to Plaintiff's Amended Complaint, ("Addendum") (Docket No. 43), which the Court construes as an amendment to his pleading.[2]

## II. Factual Background

In consideration of Plaintiff's *pro se* status, the Court gleans the following facts not only from his First Amended Complaint, (Docket No. 39), but also from his other representations to the Court, including the various documents submitted to the Court and Plaintiff's testimony

---

[1] Pursuant to the Court's Order on Motions Practice, "Responses to dispositive motions shall be filed within twenty (20) days." (Docket No. 7).

[2] The Court notes that, pursuant to Federal Rule of Civil Procedure 15, Plaintiff's second amendment to his complaint required leave of court, which was not obtained. However, given Plaintiff's *pro se* status, even if the Court accepted Plaintiff's amendment, the conclusory nature of the document's contents would preclude consideration in the current context under the precedent established in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

under oath at a hearing in this matter, (Docket Nos. 35, 36).[3] Additionally, because this matter comes to the Court on a Rule 12(b)(6) motion to dismiss, the Court accepts all of Plaintiff's factual allegations as true. *Hemi Group, LLC v. City of N.Y.*, 130 S. Ct. 983, 986-87 (2010) (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993)).

Plaintiff is an African-American male who is employed by the Department of Veterans Affairs at the Veterans Administration Healthcare System in Pittsburgh, Pennsylvania.[4] (Docket No. 39 at 2). He alleges that Defendant discriminated against him on the basis of his race and gender and retaliated against him in response to his brother's raising similar discrimination claims against this same Defendant.[5] (*Id*. at 1).

Plaintiff is a Case Management Specialist / Social Worker, (Docket No. 1 at 1), who has been employed by Defendant at the Veterans Administration Healthcare system in Pittsburgh since March 2007, (Docket No. 39 at 2). During his yearly performance evaluation on or around October 17, 2007, (Docket No. 14 at 1), Plaintiff received an "Unacceptable [P]erformance"

---

[3] The parties do not contest the authenticity of any of these submissions.

[4] At the motion to dismiss stage, a court may generally only consider documents attached to a complaint without converting the motion into a motion for summary judgment. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). However, in evaluating a Rule 12(b)(6) motion, a court "may look beyond the complaint to matters of public record, including court files and records, decisions of government agencies and administrative bodies, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to either the [c]omplaint or the defendant's motion." *Spence v. Brownsville Area Sch. Dist.*, Civ. A. No. 08-0626, 2008 U.S. Dist. LEXIS 55026, at *7 (W.D. Pa. July 15, 2008) (citing *Pension Benefit*, 998 F.2d at 1196).

[5] Plaintiff's brother, Michael Wormack, brought a civil action against Eric Shinseki, Secretary of the Department of Veterans Affairs on May 21, 2009, alleging that his position at the Veterans Administration was eliminated and that he was not rehired in a similar position in retaliation for a previously filed charge of "systematic discrimination against black men working in positions gs-5 through gs-15." *Wormack v. Shinseki*, Civ. A. No. 09-628 (W.D. Pa. 2009) (Docket No. 3 at 1-2). This case was subsequently closed after successful mediation. *Id*. at (Docket No. 22).

rating, (Docket No. 39 at 2). Despite his requests, Plaintiff has never received a copy of this evaluation. (*Id.* at 3).

In response to his substandard evaluation, Plaintiff complained to his supervisors about his rating in several meetings, but no change was made. (Docket No. 12 at 1). Subsequently, Plaintiff contacted an Equal Employment Opportunity Counselor within 45 days of the discriminatory action and eventually filed a timely Equal Employment Opportunity Complaint. (Docket No. 14 at 1-2).

After Plaintiff had contacted the Equal Employment Opportunity Counselor, but before the Equal Employment Opportunity Complaint was filed, Plaintiff's evaluation was changed to "Fully Successful." (*See* Docket Nos. 12 at 1, 39 at 3). This change occurred during a meeting with Plaintiff's supervisor, Ron Rabold, and the changed form was eventually placed in Plaintiff's file.[6]

By letter dated November 8, 2007, Equal Employment Opportunity Counselor Lisa Bartko wrote that, on November 5, 2007, Plaintiff had reported being "discriminated against … on October 17, 2007, [when he] received a poor evaluation." (Docket No. 14-1). She apprised that the matter had been resolved through an "[upgraded] evaluation." (*Id.*). Nonetheless, Plaintiff continued to feel that he had been discriminated against and, on November 19, 2007, proceeded to send an e-mail to Ms. Bartko, which stated:

---

[6] Plaintiff has repeatedly sought discovery to obtain a copy of the initial evaluation form. (Docket No. 24). Although this lack of documentation causes Plaintiff some concern, (Docket No. 14 at 2), it need not concern the Court at this stage since the Court accepts his allegations as true and assumes that there was an initial evaluation that was subsequently changed, *see Hemi Group*, 130 S. Ct. at 986-87 (citing *Leatherman*, 507 U.S. at 164).

> I am contacting you regarding what I believe to be a discriminatory action taken against me by my supervisor's supervisor. I believe my evaluation was intentionally suppressed to hinder my advancement and also to aid in a possible future termination. I believe this is being done in retaliation due to my brother Michael Wormack, raising claims that systematic discrimination exist [sic] at the Pittsburgh Healthcare system, and because I am a black male. I believe that an investigation of my charge will show that Black males are denied positions at GS-5 and above and if they are hired they are dealt with harsher on their evaluations.

(Docket No. 14-2). Plaintiff then filed a "Complaint of Employment Discrimination" on December 18, 2007, reiterating these same allegations and referencing his November 19, 2007 e-mail. (Docket No. 6-5). At the time of this complaint, Plaintiff was the only "[b]lack male social worker" employed by Defendant at the facility in which he was located. (Docket No. 39).

Though an employee of Defendant may be disciplined as a result of an "unacceptable performance" evaluation by a supervisor, (Docket No. 39 at 2), Plaintiff was hired as a Grade 12 social worker and has remained at that grade. (Docket No. 36 at 22-23). During his three years of employment, Plaintiff has received salary step increases and bonuses. (*Id*. at 22-23, 57). Plaintiff does not attest that another employee in his peer group received a bonus or pay increase that he did not. (*Id.* at 28). Plaintiff also does not provide examples of extra work projects assigned to him or other workers who received less work than him.[7] (*Id*. at 25-27, 33, 48, 52-53).

### III. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also*

---

[7] Within his testimony, Plaintiff referred to his claims as "generic" and, despite direct questioning by the Court, was unable to provide factual examples. (Docket No. 36 at 52).

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), *and* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief."). In *Iqbal*, the Supreme Court clarified that the decision in *Twombly* "expounded the pleading standard for all civil actions." 129 S. Ct. at 1953 (internal quotation marks omitted); *Fowler*, 578 F.3d at 210-11. The Court further explained that although a court must accept all of the factual allegations contained in a complaint as true, such deference does not apply to legal conclusions. *Iqbal*, 129 S. Ct. at 1949-50. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555); *Fowler*, 578 F.3d at 210; *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).

The determination of whether a complainant has sufficiently pled a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949. After *Iqbal*, the Third Circuit Court of Appeals has instructed that a district court should first separate the factual and legal elements of a claim and then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 210-11 (quoting *Iqbal*, 129 S. Ct. at 1950). Ultimately, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

A document filed *pro se* is "to be liberally construed," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

However, the Third Circuit Court of Appeals and district courts, including this Court, within the Third Circuit have applied the *Iqbal* and *Twombly* factual plausibility standard when evaluating *pro se* complaints. *See*, *e.g.*, *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184-85 (3d Cir. 2009); *Paschal v. Billy Beru, Inc.*, Civ. A. No. 08-1144, 2009 U.S. Dist. LEXIS 34549, at *3-5 (W.D. Pa. Apr. 23, 2009), *aff'd*, 373 F. App'x 213 (3d Cir. 2010) (not reported). Therefore, in light of *Iqbal* and *Twombly*, this Court need not credit a *pro se* plaintiff's conclusory factual and legal assertions. *Capogrosso*, 588 F.3d at 184-85.

**IV. Analysis**

Defendant contends that Plaintiff's discrimination and retaliation claims fail because he cannot establish that Defendant took an adverse employment action against him. (Docket No. 41 at 4-6). Plaintiff maintains that he has sufficiently pled his claims and that Defendant is "wasting time," referring the Court to his First Amended Complaint and the record in this case. (Docket No. 43 at 1-2).

Title VII makes it unlawful for an employer "to discriminate against any individual … because of such individual's race, color, religion, sex, or national origin."[8] 42 U.S.C. § 2000e-2(a)(1). In order to set forth a prima facie case for discrimination or retaliation under Title VII, Plaintiff must demonstrate, *inter alia*, that he suffered an adverse employment action. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (describing prima facie case of

---

[8] Claims under Title VII and the Civil Rights Act of 1866 may be addressed together because the same legal standard applies to both of these claims. *Reyes v. Autozone, Inc.*, Civ. A. No. 08-847, 2009 U.S. Dist. LEXIS 112086, at *23 (W.D. Pa. Dec. 2, 2009).

discrimination); *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315, 320 (3d Cir. 2008) (describing prima facie case of retaliation).

The Third Circuit Court of Appeals has defined "an adverse employment action" under Title VII as an action by an employer that is "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004) (quoting *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001)). This definition stems from the language of the statute itself, *Storey*, 390 F.3d at 764, which provides that it shall be unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a)(1).

"Although direct economic harm is an important indicator of a tangible adverse employment action, it is not the sine qua non." *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 153 (3d Cir. 1999). Thus, if an employer's act substantially decreases an employee's earning potential and causes significant disruption in his working conditions, a tangible adverse employment action may be found. *Id*. However, not everything that makes an employee unhappy constitutes an adverse employment action. *Gonzalez v. Potter*, Civ. A. No. 09-0534, 2010 U.S. Dist. LEXIS 53402, at *15 (W.D. Pa. June 1, 2010). Particularly, a rescinded or unenforced employment decision does not rise to the level of an actionable adverse employment action unless and until there is a "tangible change in the duties or working conditions constituting a material employment disadvantage." *Id*. (quoting *Walker v. Wash. Metro. Area Transit Auth.*, 102 F. Supp. 2d 24, 29 (D.D.C. 2000)).

Here, as amended, Plaintiff's pleading suffers from the same deficiency that led this Court to dismiss his original Complaint without prejudice. (*See* Docket No. 37 at 19). Plaintiff's amended pleading and, specifically, its factual allegations, construed in the light most favorable to him, do not plausibly suggest that Plaintiff suffered an adverse employment action. (*Id.*).

The only potentially adverse employment action properly before the Court is that Plaintiff received an "Unacceptable [P]erformance" evaluation, which was subsequently changed to "Fully Successful" after Plaintiff filed a complaint with the Department of Veterans Affairs' Office of Resolution Management.[9] (Docket No. 39 at 2-3). The Court previously addressed this circumstance and held that though "a negative evaluation could constitute an adverse employment action, it cannot when, as here, the evaluation was subsequently changed and no record of it remains in Plaintiff's employment record or personnel file." (Docket No. 37 at 20). Moreover, even with the Court's instruction to cure this deficiency[10] and the opportunity to amend his complaint, Plaintiff has again failed to allege any actual harm that he suffered as a result of the evaluation.[11] (*See Id.* at 20-21, 24). Therefore, because Plaintiff has not alleged any change in his status as a social worker for the Department of Veterans Affairs, the Court

---

[9] In his First Amended Complaint, as in his original Complaint, (Docket No. 1 at 1), Plaintiff alleges that although he has applied for four different lateral and promotional positions, he "has not received any lateral move nor has he received any promotion." (Docket No. 39 at 3). However, as indicated in the Court's previous Memorandum Opinion, (Docket No. 37 at 13-17), because Plaintiff did not present these claims to the EEOC, they are not properly before the Court as Plaintiff has failed to exhaust administrative remedies, *Antol v. Perry*, 82 F.3d 1291, 1295-96 (3d Cir. 1996). Thus, the only potential adverse employment action before this Court is the rescinded evaluation.

[10] "Plaintiff will be afforded the opportunity to file an amended complaint, *including specific factual allegations to plausibly support his remaining claims*." (Docket No. 37 at 23) (emphasis added).

[11] As previously stated, Plaintiff "does not allege a harm, such as being denied a bonus or an extra project … as a result of … the ["Unacceptable Performance"] evaluation…. And, since that time, he has received salary step increases and bonuses." (Docket No. 37 at 20-21).

9

finds that he has not alleged "enough facts to state a claim to relief that is plausible on its face" with respect to his discrimination or retaliation claims. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 570). Consequently, his Title VII claims must be dismissed.

## V. Leave to Amend

As indicated previously, Plaintiff's claims will be dismissed, with prejudice. Plaintiff has presented a First Amended Complaint and an Addendum, yet he has to this point failed to plead a plausible claim of discrimination or retaliation against Defendant. (*See* Docket Nos. 1, 39, 43). He was also provided an opportunity to clarify his claims at a motion hearing, (Docket No. 35), but failed to offer any additional factual support for these claims, *see Paschal v. Billy Beru, Inc.*, 373 F. App'x 213, 216 (3d Cir. 2010) (not reported) (permitting the Court to consider *pro se* plaintiff's testimony to clarify claims in his complaint). Given the state of his pleadings, the record before this Court, and applicable authority,[12] it is clear that any further amendment of Plaintiff's claims against Defendant would be futile. *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (noting that futility is a ground for denying leave to amend a complaint). Thus, Plaintiff's discrimination and retaliation claims against Defendant are dismissed, with prejudice.

## VI. Conclusion

For the foregoing reasons, the Court is persuaded that Plaintiff has not alleged sufficient facts that "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 545. Accordingly, Defendant's Motion to Dismiss [40] is **GRANTED**, and Plaintiff's First Amended Complaint (Docket No.

---

[12] *See* section IV, *supra*, pp. 7-9.

39) and Addendum (Docket No. 43) are dismissed, with prejudice. Plaintiff will not be granted leave to file a third complaint because amendment in this case would be futile. An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: October 14, 2010

CC/ECF: All counsel of record.

    Raymond D. Wormack
    210 Snyder Street
    Connellsville, PA 15425